UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KIMBERLY CLAIRE LAMBERT,

    Plaintiff,

v.                                      Case No: 8:21-cv-2579-CEH-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff moves the court to award her attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). (Motion, Dkt. 25.) The Commissioner opposes the Motion in part. (Dkt. 26.) On December 19, 2022, this court conducted a hearing on the Motion, Commissioner's response in opposition, and Plaintiff's Reply. *See* (Dkts. 25, 26, 28.) For the reasons that follow, the undersigned recommends that the Motion be granted in part.

## BACKGROUND

On November 3, 2021, Plaintiff filed a Complaint seeking review of the denial of her claim for Social Security benefits by the Commissioner of Social Security. (Dkt. 1.) On July 8, 2022, the undersigned entered an order recommending that the court reverse the Commissioner's decision and remand the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g) (Dkt. 22), which the court adopted on July 25, 2022. (Dkt. 23). The Clerk of Court entered judgment in

Plaintiff's favor on July 26, 2022. (Dkt. 24.) Plaintiff filed the instant Motion on October 18, 2022, as the prevailing party in this action. (Dkt. 25.) In the Motion, Plaintiff seeks attorney's fees for work performed by attorneys Carol Avard and Craig Polhemus, as well as paralegal fees. (*Id.*) The Commissioner opposes the Motion in part. (Dkt. 26.)

## APPLICABLE STANDARDS

Following entry of a favorable judgment in a Social Security case, the prevailing party may obtain attorney's fees under the EAJA. 28 U.S.C. § 2412(d)(1)(A); *Monroe v. Comm'r of Soc. Sec. Admin.*, 569 F. App'x 833, 834 (11th Cir. 2014). The EAJA requires the court to award attorney's fees to a party who prevails against the United States in litigation unless the court finds that the government's position in the litigation was "substantially justified" or that special circumstances make such an award unjust. 28 U.S.C. § 2412(d); *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010).

A party may recover an award of attorney's fees under the EAJA if the following prerequisites are met: (1) the party seeking the award is the prevailing party; (2) the application for such fees, including an itemized justification for the amount sought, is timely filed (i.e., filed within thirty days of final judgment in the action); (3) the claimant had a net worth of less than $2 million at the time the complaint was filed; (4) the position of the government was not substantially justified; and (5) no special circumstances exist that would make an award unjust. 28 U.S.C. § 2412(d). A party who obtains a sentence-four remand in a Social Security case is considered a prevailing

party under the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). To be "substantially justified" under the EAJA, the government's position must be "justified to a degree that could satisfy a reasonable person," which requires that the government's position have a reasonable basis in both law and fact. *Monroe*, 569 F. App'x at 834 (internal quotation and citation omitted).

## ANALYSIS

Upon consideration of the Motion and the applicable law, the undersigned recommends that Plaintiff is entitled to an award of attorney's fees. First, Plaintiff is the prevailing party in this case after having obtained a sentence-four remand. *Schaefer*, 509 U.S. at 296–97, 302. Second, the Commissioner does not dispute the timeliness of Plaintiff's Motion. (Dkt. 26.) Third, there is no indication that Plaintiff is excluded from eligibility for an award under the EAJA by any of the exclusions set forth in the Act. Fourth, the Commissioner's position was not substantially justified in this case, and the Commissioner does not dispute this issue. Finally, the undersigned does not find that any special circumstances exist to indicate that an award of attorney's fees in this case would be unjust.

However, attorneys are only entitled to an award of "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). "Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Id.* (emphasis in original; internal quotations omitted). Thus, fee

applicants "must exercise what the Supreme Court has termed 'billing judgment'" and must "exclude from their fee applications 'excessive, redundant, or otherwise unnecessary [hours].'" *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (alteration in original) (quoting *Hensley*, 461 U.S. at 434). "If fee applicants do not exercise billing judgment, courts are obligated to do it for them." *Id.*

In this case, the Commissioner argues that Plaintiff requests a fee for hours unreasonably expended. (Dkt. 26 at 3.) First, the Commissioner argues that Plaintiff should not be compensated for the following time entries:

- 11/3/21   Attorney rev. of Case Assignment .1
- 11/19/21   Attorney rev. of Proof of Service (3) .2
- 5/6/22   Attorney rev. of Def's Motion for Ext .1
- 5/9/22   Attorney rev. of Order .1
- 6/7/22   Attorney rev. def's 2nd Mot for ext of time .1
- 6/7/22   Attorney rev of Order granting motion for ext of time .1
- 7/26/22   Attorney rev. of Judgment .1

(Dkt. 25-1 at 18–19; Dkt. 26 at 3.) The Commissioner argues that Plaintiff should not be compensated for these entries, which are either tasks of minimal length that should be considered overhead or are non-compensable clerical tasks. (Dkt. 26 at 3.)

The undersigned agrees with the Commissioner that time spent on clerical tasks—regardless of whether it is performed by an attorney or a paralegal—is considered a non-compensable overhead expense under the EAJA. *See Gates v.*

*Barnhart*, 325 F. Supp. 2d 1342, 1348 (M.D. Fla. 2002) (citing *Mobley v. Apfel*, 104 F. Supp. 2d 1357, 1360 (M.D. Fla. 2000)). Nevertheless, courts in this district have found certain tasks, like those listed above, to be compensable. *See, e.g.*, *Oneill v. Comm'r of Soc. Sec.*, No. 6:19-cv-2359-GKS-EJK, 2021 WL 1929736, at *4 (M.D. Fla. Apr. 13, 2021) (noting that time spent reviewing docket activity orders, "which included motions and orders relating to the Commissioner's own requests for extensions of time," should be compensable), *report and recommendation adopted*, 2021 WL 1925545 (M.D. Fla. May 13, 2021); *Durham v. Saul*, No. 8:19-cv-2279-T-CPT, 2020 WL 13595101, at *3 (M.D. Fla. Nov. 2, 2020) (rejecting Commissioner's argument that the entries regarding review of case assignment and review of proofs of service are clerical or secretarial); *Duffield v. Colvin*, No. 3:15-cv-1065-J-MCR, 2016 WL 6037306, at *4 (M.D. Fla. Oct. 14, 2016) (finding tasks such as "review summons returned executed USAO," "review proof of service OGC," and "review order case reassigned to Magistrate" compensable in light of "counsel's responsibility to make sure that service of process was perfected and to be apprised of any orders entered on the docket, even routine ones"); *Vargas v. Comm'r of Soc. Sec.*, No. 6:13-cv-1683-Orl-41TBS (M.D. Fla. Mar. 10, 2015) (finding time spent reviewing the return of service compensable); *see also Gibson v. Colvin*, No. 4:03-cv-90, 2013 WL 2422611, at *3 (S.D. Ga. June 3, 2013) (holding that reviewing court orders is a core component of an attorney's job); *Williams v. Astrue*, No. 11-140, 2011 WL 5417116, at *1 (E.D. La. Oct. 14, 2011) (finding 0.1 hours reasonable for each of the following tasks: "Receipt and review of judgment reversing and remanding case," "Receipt and review of consent motion for

extension of time" and "Receipt and review of order granting extension of time."). As such, the undersigned finds that the above challenged time entries are not clerical in nature. Therefore, the undersigned recommends that these time entries be compensable under the EAJA.

Next, the Commissioner challenges Plaintiff's request for fees for time spent by an unnamed paralegal on clerical tasks. (Dkt. 26 at 4.) Specifically, Plaintiff requests 0.2 hours at $60 an hour for paralegal time on one task: "Paralegal filing of Memorandum in opposition to the Commissioner's decision by cm/ecf .2." (Dkt. 25-1 at 18–19.)[1] "Awarding fees for this time is unwarranted because electronically filing a document is a clerical task subsumed in an attorney's fee." *Langer on Behalf of Langer v. Comm'r of Soc. Sec.*, No. 8:19-cv-1273-T-24PDB, 2020 WL 7210026, *4 (M.D. Fla. Nov. 20, 2020), *report and recommendation adopted*, 2020 WL 7138571 (M.D. Fla. Dec. 7, 2020); *see also McCord v. Comm'r of Soc. Sec.*, No. 2:19-cv-318-JLB-NPM, 2021 WL 5494389 (M.D. Fla. Nov. 23, 2021) (adopting report and recommendation that rejected the same paralegal fee requested by the same firm). Thus, the undersigned recommends that no paralegal fees be awarded.

Next, the Commissioner argues that Plaintiff's request for fees for time spent preparing the EAJA petition "is insufficiently supported." (Dkt. 26 at 5–6.) The Commissioner argues that the time entries do not identify the date the work was

---

[1] Plaintiff incorrectly includes this entry under Attorney Polhemus's schedule of hours. (Dkt. 25-1 at 18.) As such, Attorney Polhemus's total hours requested for time spent in 2022 should be 25.6 rather than 25.8. *See* (*id.* at 19.)

- 6 -

performed or the attorney that performed it. (*Id.* at 5.) However, because "[r]easonable time spent preparing an EAJA fee petition is compensable," *Kirkendall v. Comm'r of Soc. Sec.*, No. 3:17-cv-880-J-PDB, 2019 WL 913282, at *2 (M.D. Fla. Feb. 25, 2019), the undersigned recommends that the court not deny this fee request, despite the lack of clarity. The Commissioner alternatively argues that the amount should be reduced as excessive, particularly considering that the petition is "almost identical" to other petitions filed by the same attorney in other cases. (Dkt. 26 at 6.) The undersigned agrees and recommends that the court award fees for one hour of time for preparation of the EAJA petition. *See Bostic v. Comm'r of Soc. Sec.*, 858 F. Supp. 2d 1301, 1305 (M.D. Fla. 2011) (finding that "one hour is more than sufficient to compensate the Plaintiff's counsel for the preparation and filing of a petition for attorney fees, including the necessary calculations").

Finally, the Commissioner contends that the hours Plaintiff's counsel spent preparing the memorandum of law in this case—a total of 30.5 hours—were excessive. (Dkt. 26 at 6–10.) Specifically, the Commissioner argues that "[t]he unreasonableness of the overall time spent by both Attorney Polhemus and Attorney Avard on the brief is highlighted by the relatively straightforward nature of the case and use of template language found in other cases briefed by this firm." (*Id.* at 7.)

Here, the 30.5 hours consists of the following tasks performed by Attorney Craig Polhemus:

- 3/2/22  Attorney rev. of 1189 pages of transcript and taking notes – 4.5 hours

- 3/3/22    Attorney writing the statement of facts – 1.7 hours
- 3/4/22    Attorney reviewing and rewriting statement of facts – 1.2 hours
- 3/4/22    Attorney reviewing the statement of facts - .7 hours
- 3/7/22    Attorney shepardize cases - .5 hours
- 3/8/22    Attorney writing of preliminary draft of brief – 8.6 hours
- 3/11/22   Attorney writing of revisions to final draft of Memorandum of Law as per Atty. Avard – 7.5 hours

and by Attorney Carol Avard:

- 3/9/22    Rev. transcript, taking notes – 1.0 hours
- 3/10/22   Researching and setting for the arguments in the brief – 4.8 hours

(Dkt. 25-1 at 17–18.) Plaintiff's memorandum of law totaled 32 pages, consisting of a 13-page facts section, and an argument section that identified four issues. (Dkt. 15.)

As noted above, "[e]xcessive, redundant or otherwise unnecessary" hours should be excluded from the amount claimed. *Hensley*, 461 U.S. at 434. "In other words, the Supreme Court requires fee applicants to exercise 'billing judgment.'" *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988) (quoting *Hensley*, 461 U.S. at 437).

The undersigned finds that certain tasks associated with drafting the memorandum of law to be redundant, duplicative, and excessive. First, after writing the statement of facts, then reviewing and rewriting the statement of facts a second time, Attorney Polhemus spent 0.7 hours reviewing the statement of facts again. (Dkt. 25-1 at 18.) The undersigned finds this entry excessive and redundant. The

undersigned further finds the 7.5 hours Attorney Polhemus spent writing revisions to the final draft "per Atty. Avard" excessive and duplicative of the work for which he already seeks a fee and duplicative of Attorney Avard's work. *See* (*id.*) The undersigned therefore recommends that the 7.5 hours requested for that task be reduced by 4.0 hours to 3.5 hours. Lastly, Attorney Avard entered 1.0 hour of time for "Rev. transcript, taking notes." (Dkt. 25-1 at 17.) Attorney Polhemus also entered 4.5 hours for review of the transcript and taking notes. (*Id.* at 18.) The undersigned finds these two tasks duplicative of each other and recommends a deduction of 1.0 hour from Attorney Avard's time. In sum, the undersigned recommends that a total of 5.7 hours (0.7 + 4 + 1.0) be deducted from the 30.5 hours requested to draft the memorandum of law, for a total of 24.8 hours.

The undersigned further finds that the overall time sought by Plaintiff for drafting the memorandum of law excessive. For example, Plaintiff's fourth argument is nearly identical to an argument Plaintiff's attorneys have previously submitted to this court. *Compare* (Dkt. 15 at 28–31), *with Rousey v. Comm'r of Soc. Sec.*, No. 8:21-cv-779-MSS-JSS (M.D. Fla. Oct. 18, 2021), ECF No. 16 at 20–23. Upon review of the itemized hours to draft the memorandum of law, it is unclear to the undersigned how much time Plaintiff's counsel billed for the incorporation of this argument. As such, the undersigned finds an across-the-board reduction of 10% is reasonable to account for Plaintiff's attorneys' lack of overall billing judgment. *See Thomas v. Kijakazi*, No. CV419-271, 2022 WL 3575301, at *2 (S.D. Ga. Apr. 5, 2022) (finding an across-the-board cut appropriate where it was "it is impossible to determine exactly which hours

expended for which work should be excluded as excessive"); *Lucas-Williamson v. Saul*, No. 8:18-cv-2641-T-17AAS, 2019 WL 6792458, at *1–2 (M.D. Fla. Nov. 6, 2019) (finding a 25% across-the-board cut appropriate where charges signaled "an overall lack of billing judgment"); *see also Weist v. Comm'r of Soc. Sec.*, No. 2:21-cv-768-SPC-NPM, 2022 WL 9505235, at *2 (M.D. Fla. Sept. 16, 2022) (noting that the same firm in this matter "is aware of the need to elaborate why the number of hours requested here is reasonable even though the matter resolved in short order by an agreed remand"), *report and recommendation adopted*, 2022 WL 9353940 (M.D. Fla. Oct. 14, 2022); *Oneill*, 2021 WL 1929736, at *4 (finding "problematic" the plaintiff's attorney's (which is the same firm in this matter) "failure to provide any detail regarding the tasks performed").  Thus, after considering the issues presented in this case, in comparison with similar cases, the undersigned recommends an additional deduction of 2.48 hours, which represents 10% of the total time requested to draft Plaintiff's memorandum of law after deducting the 5.7 hours noted above.  Accordingly, the undersigned recommends an award of 22.32 hours of the original 30.5 hours requested for drafting the memorandum of law.

With regard to the billables rates, Plaintiff requests that the hourly rate of the fees awarded be increased to reflect the increase in the cost of living.  Under the EAJA, the amount of attorney's fees to be awarded "shall be based upon prevailing market rates for the kind and quality of the services furnished," except that attorney's fees shall not exceed $125 per hour unless the court determines that an increase in the cost of living or a special factor justifies a higher fee.  28 U.S.C. § 2412(d)(2)(A).  Plaintiff

proposes an hourly rate of $222.50 for hours worked in 2021 and $233.75 for hours worked in 2022. (Dkt. 25 at 3.) The undersigned finds that Plaintiff is entitled to the requested rate, and the Commissioner does not oppose Plaintiff's request.

In sum, the undersigned recommends that Plaintiff be awarded, 4.32 hours for work performed by Carol Avard in 2022 (5.8 hours requested minus 1.0 hour for duplicative work minus a 10% reduction), at a rate of $233.75 per hour, for a total of $1,009.80; 1.9 hours for work performed by Craig Polhemus in 2021, at a rate of $222.50 per hour, for a total of $422.75; 1.1 hours for work by Craig Polhemus in 2022 that did not relate to drafting the memorandum of law, at a rate of $233.75 per hour, for a total of $257.13; 18 hours for work performed by Craig Polhemus in 2022 (24.7 hours requested minus 4.7 hours for redundant, excessive, and duplicative work minus the 10% reduction), at a rate of $233.75 per hour, for a total of $4,207.50; and 1.0 hour to prepare the EAJA petition, at a rate of $233.75 per hour, for a total of $233.75. After totaling these amounts, the court finds and recommends that $6,130.93 represents a reasonable attorney fee in this case.

Finally, Plaintiff requests that the fee award be paid directly to her attorney. (Dkt. 25 at 9.) Although EAJA fee awards belong to the party, not the party's attorney, *Reeves v. Astrue*, 526 F.3d 732, 738 (11th Cir. 2008), such fees may be paid directly to a plaintiff's attorney in cases in which the plaintiff does not owe a debt to the government and assigns the right to such fees to the attorney. *Astrue v. Ratliff*, 560 U.S. 586, 597 (2010). In this case, Plaintiff has assigned the EAJA award to her attorney, Carol Avard. (Dkt. 25-2.) Therefore, the award is payable directly to Plaintiff's counsel if

Plaintiff is not indebted to the federal government; otherwise, the award is payable directly to Plaintiff.

Accordingly, it is **RECOMMENDED** that:

1. Plaintiff's Petition for EAJA Fees Pursuant to 28 U.S.C. § 2412(d) (Dkt. 25) be **GRANTED in part** and **DENIED in part**;

2. Attorney's fees in the amount of $6,130.93 be awarded to Plaintiff under the EAJA;

3. The attorney's fees be payable directly to Plaintiff's counsel if it is determined that Plaintiff does not owe a debt to the federal government.

**IT IS SO REPORTED** in Tampa, Florida, on January 18, 2023.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has 14 days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Charlene E. Honeywell
Counsel of Record