UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KIMBERLY CLAIRE LAMBERT,

    Plaintiff,

v.                                                            Case No: 8:21-cv-2579-CEH-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

**ORDER**

This matter comes before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Julie S. Sneed (Doc. 35), in which she recommends that the Court grant-in-part and deny-in-part Plaintiff Kimberly Claire Lambert's Petition for EAJA Fees Pursuant to 28 U.S.C. 2412(d) (Doc. 25). Plaintiff has filed Objections to the R&R (Doc. 36), and Defendant Commissioner of Social Security has responded in opposition (Doc. 37). Having duly considered the arguments raised in the Objections, the Court will overrule the objections, adopt the R&R, and grant-in-part Plaintiff's Petition for EAJA Fees.

**I.    BACKGROUND**

Plaintiff filed this Social Security appeal on November 3, 2021, to challenge the Commissioner's denial of benefits. Doc. 1. Upon review of her memorandum in opposition to the Commissioner's decision (Doc. 15), Defendant moved to remand the action to an Administrative Law Judge under sentence four of 42 U.S.C. § 405(g),

in order to update the medical evidence and vocational expert testimony and reevaluate Plaintiff's residual function capacity. Doc. 21.  The Court then entered an Order to that effect as well as a judgment in Plaintiff's favor. Docs. 23, 24.

Plaintiff now moves for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). Doc. 25.  Defendant opposes the motion in part. Doc. 26.  Although Defendant does not deny that an award of attorney's fees is appropriate under EAJA, it argues that the amount of requested fees is excessive, because it includes non-compensable clerical tasks and an unreasonable number of hours for the memorandum in opposition to the Commissioner's decision and the motion for fees. *Id.*  In reply, Plaintiff argues that the submitted hours are both compensable and reasonable. Doc. 28.  The magistrate court heard argument on the motion at a hearing. Docs. 31, 32, 33.

In the R&R, Magistrate Judge Sneed recommended that the motion be granted in part, and that Plaintiff be awarded fees in the amount of $6,130.93. Doc. 35.  First, she rejected Defendant's argument that the minimal amount of time spent reviewing orders and filings should not be compensable. *Id.* at 4-6.  However, she agreed with Defendant that no paralegal fees should be awarded for the clerical task of filing the memorandum in opposition to the Commissioner's decision. *Id.* at 6.  With respect to the motion for fees, the magistrate court found that the time spent to prepare it was compensable, even though the request was not well supported, but also found that the requested amount was excessive for a boilerplate motion. *Id.* at 6-7.  Because the motion bore close resemblance to other such motions filed by the same counsel,

2

Magistrate Judge Sneed recommended that the court award fees for only one hour of time, rather than the 2.3 hours requested. *Id.* at 7. Finally, the magistrate court recommended a significant reduction in the fees requested for preparation of the memorandum in opposition to the Commissioner's decision. *Id.* at 7-10. She found that certain tasks were redundant, duplicative, and excessive, such as the number of hours spent writing, rewriting, and reviewing the statement of facts alone. *Id.* at 8. In addition, the breakdown of work between the two attorneys—the amount of time they each spent reviewing the transcript and each other's work—appeared excessive and duplicative. *Id.* at 8-9. The court recommended reducing the total hours from 30.5 to 24.8 as a result. *Id.* at 9. Moreover, she found that the overall time for Plaintiff to draft the memorandum was excessive in light of the fact that one argument was nearly identical to an argument used in other briefs, and Plaintiff had not established that the case was unusually complicated. *Id.* at 9-10. She therefore recommended reducing the drafting hours by an additional ten percent, to 22.32 hours. *Id.* at 10. The magistrate court also recommended granting Plaintiff's unopposed requests to increase the hourly rate to reflect the increase in cost of living and to award the judgment directly to counsel. *Id.* at 10-11.

Plaintiff has filed Objections to the R&R. Doc. 36. She first objects to the magistrate court's recommendation of an "excessive reduction" in the amount of time spent preparing the motion for fees, citing cases in which courts found that 2.3 hours and more were reasonable amounts of time to spend on the same type of motion. *Id.* at 2-3. Next, she objects to the magistrate court's recommendation of a 5.7-hour

3

deduction of the time spent on the memorandum, because the requested 30.5 hours were not excessive. *Id.* at 3-5.  She argues that 30.5 hours is well within the range of time approved for Social Security cases, and that a reduction is warranted for redundant hours in cases with multiple attorneys only if they are unreasonably doing the same work, which was not the case here. *Id.*  Finally, she argues that the court's recommendation of an additional 10% reduction was insufficiently justified and amounted to improper "double subtraction." *Id.* at 5-7.

In response, Defendant relies on the arguments in its original opposition to the motion for attorney's fees. Doc. 37.  Defendant contends that Plaintiff's Objections reiterate the arguments in her reply to the motion, which the magistrate court already rejected. Doc. 37.

## II.   LEGAL STANDARD

Under the Federal Magistrates Act, Congress vests Article III judges with the power to "designate a magistrate judge to hear and determine any pretrial matter pending before the court," subject to various exceptions. 28 U.S.C. § 636(b)(1)(A). The Act further vests magistrate judges with authority to submit proposed findings of fact and recommendations for disposition by an Article III judge. 28 U.S.C. § 636(b)(1)(B). After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); *Williams v. Wainwright*, 681 F.2d 732 (11th Cir. 1982). If specific objections to findings of fact are timely filed, the district court will conduct a *de novo* review of those facts. 28 U.S.C. § 636(b); *LoConte v. Dugger,* 847

F.2d 745, 750 (11th Cir.1988). If no specific objections to findings of fact are filed, the district court is not required to conduct a *de novo* review of those findings. *See Garvey v. Vaughn,* 993 F.2d 776, 779 n.9 (11th Cir.1993); *see also* 28 U.S.C. § 636(b)(1). In that event, the district court is bound to defer to the factual determinations of the magistrate judge unless those findings are clearly erroneous. *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994). Legal conclusions must be reviewed *de novo. Id*. Furthermore, objections to a magistrate judge's recommendation and report must be "specific" and "clear enough to permit the district court to effectively review the magistrate judge's ruling." *Knezevich v. Ptomey*, 761 F. App'x 904, 906 (11th Cir. 2019).

### III.   DISCUSSION

Under the EAJA, the prevailing party in litigation against the United States, including Social Security appeals, may obtain an attorney's fee award from the government. 28 U.S.C. § 2412(d).  A party will be eligible for fees if: (1) they are the prevailing party; (2) their application, including an itemized justification for the amount sought, is timely filed; (3) the claimant had a net worth of less than two million dollars when the complaint was filed; (4) the position of the government was not substantially justified; and (5) no special circumstances exist that would make an award unjust. *Id.*   The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates. *Norman v. Housing Auth. Of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).  Unreasonable, "[e]xcessive, redundant or otherwise unnecessary hours should be excluded from the amount claimed." *Id.* at 1301 (quotation omitted).

Here, there is no dispute that Plaintiff is entitled to receive attorney's fees under the EAJA. Moreover, there is no objection to the magistrate court's recommendations regarding the hourly rate and recipient. The parties instead dispute whether the number of hours claimed is excessive or unreasonable. Plaintiff objects to three aspects of the R&R's determination regarding the number of hours. Each objection will be discussed in turn.

With respect to Plaintiff's objection to the magistrate court's recommendation of the reduction from 2.3 hours to 1 hour for the motion for fees, she identifies no error in the court's reasoning except that 2.3 hours "is well within the range approved as reasonable in other cases." Doc. 36 at 2. Plaintiff largely cites cases from the District of Connecticut in support. *Id.* But she does not respond to the magistrate court's rationale in reducing the fee award in this case: that the motion Plaintiff submitted did not require any new drafting, only modifications to the standard boilerplate motion that Plaintiff's counsel has filed in other cases. At the hearing, Plaintiff did not dispute that the motion required only modifications, nor did she identify any reason its preparation was otherwise time-consuming. In these circumstances, courts within the Middle District of Florida have often found that a 1-hour fee award is appropriate. *See Porco v. Comm. Soc. Sec.*, No. 2:21-cv-32, 2022 WL 396318, *1 (M.D. Fla. Jan. 25, 2022) ("the time spent modifying the boilerplate EAJA petition for use in this matter should be reduced from 2.3 hours to 1 hour."), *report and recommendation adopted by* 2022 WL 394394 (Feb. 9, 2022); *Tumlin v. Comm. Soc. Sec.*, No. 2:19-cv-457, 2021 WL 4261216, *2 (M.D. Fla. Sept. 20, 2021) (same; collecting cases); *see also Weist v. Comm. Soc. Sec.*,

No. 2:21-cv-768, 2022 WL 9505235, *2 (M.D. Fla. Sept. 16, 2022) (same), *report and recommendation adopted by* 2022 WL 9353940 (Oct. 14, 2022); *Roman v. Comm. Soc. Sec.*, No. 2:21-cv-57, 2022 WL 2757598, *1 (M.D. Fla. July 14, 2022) (reducing from 2.5 to 1); *Hunter v. Comm. Soc. Sec.*, No. 2:21-cv-476, 2022 WL 16830062, *2 (M.D. Fla. April 18, 2022), *report and recommendation adopted by* 2022 WL 14408163 (Oct. 25, 2022) (reducing from 2.3 to 1). Plaintiff's counsel were the attorneys in all but one of these cases. In contrast, the Southern District of Florida case on which Plaintiff relies permitted more hours but did not reference a boilerplate motion, rendering it distinguishable. *Sensat v. Berryhill*, No. 15-24727-CIV, 2018 WL 5257143, *5 (S.D. Fla. Oct. 19, 2018). Plaintiff's first objection is therefore due to be overruled.

Next, Plaintiff objects to the recommendation that the number of hours spent preparing the memorandum be reduced by 5.7 hours due to excessive and duplicative billing. She argues that 30.5 hours "is within the range approved for Social Security cases," reminding the Court that the measure of reasonable hours is not determined by the least time that it might theoretically have taken. Doc. 36 at 3-4, citing *Norman*, 836 F.2d at 1306. Plaintiff contends that the claimed hours "reflected the distinct contributions" of the two attorneys to the case, and "were the customary practice of multiple-lawyer litigation." *Id.* at 5. Here, too, Plaintiff does not specifically respond to the magistrate court's findings regarding each claimed category, only asserting generally that the total was not unreasonable. However, the magistrate court did not find that 30.5 hours was *per se* unreasonable, but that the number of hours claimed for certain described tasks were duplicative and excessive. Thus, Plaintiff's citations to

cases in which courts awarded fees for more hours have little bearing on this Court's conclusion, absent information that the work completed and hours claimed bore similarities to the instant case. After all, "[t]he time that should be devoted to a case varies directly with the difficulty of the case." *Glassroth v. Moore*, 347 F.3d 916, 920 (11th Cir. 2003). Nor does Plaintiff provide any support or explanation for her bare assertion that the claimed hours reflect the customary practice of multiple-lawyer litigation, in contrast to the magistrate court's identification of particular areas of redundancy. Because Plaintiff identifies no errors regarding the magistrate court's specific findings, her second objection is due to be overruled.

Finally, Plaintiff objects to the magistrate court's recommendation that the total hours be reduced by ten percent in addition to the 5.7-hour reduction for specific categories. Doc. 36 at 5-7. She argues that the percentage reduction was insufficiently supported and should not have been combined with an hours reduction. *Id.* Contrary to Plaintiff's objection, however, the magistrate court offered a specific explanation for the additional reduction: that the brief included an argument that was nearly identical to one used in prior cases, but that it was impossible to determine which hours should be excluded as excessive to account for it. Doc. 35 at 9-10, citing *Thomas v. Kijakazi*, No. CV419-271, 2022 WL 3575301, *2 (S.D. Ga. April 5, 2022) (applying a percentage reduction where it was impossible to determine which hours expended for which work were excessive). Plaintiff's affidavit did not specify how many hours were spent on each issue of the memorandum, therefore necessitating an estimate. *See Norman*, 836 F.2d at 1303 ("fee counsel should have maintained records to show the time spent on

the different claims, and the general subject matter of the expenditures out to be set out with sufficient particularity so that the district court can assess the time claimed for each activity."). The ten percent reduction—applied only after the 5.7 hours had been deducted—resulted in an additional deduction of 2.48 hours. Doc. 35 at 10. A deduction of less than three hours to account for an issue that took up nearly a third of the memorandum's argument section is not disproportionate.[1]

"District courts have wide latitude in determining" the amount of reasonable attorney's fees. *Common Cause Georgia v. Georgia*, 17 F.4th 102, 108 (11th Cir. 2021). The Court finds that the magistrate court calculated the amount of reasonable fees appropriately and without error. After a *de novo* review, the R&R is due to be adopted and the Objections overruled.

Accordingly, it is **ORDERED**:

1. Plaintiff's Objections to the Report and Recommendation (Doc. 36) are **OVERRULED**.

2. The Court will **adopt, confirm, and approve** the Magistrate Judge's Report and Recommendation (Doc. 35) in all respects.

3. Plaintiff's Petition for EAJA Fees Pursuant to 28 U.S.C. 2412(d) (Doc. 25) is **GRANTED-IN-PART and DENIED-IN-PART**.

---

[1] The Court also notes that Plaintiff has not disputed Defendant's assertions that both attorneys are particularly experienced in Social Security appeals, and that the issues presented in this action were not novel enough to justify a longer-than-average expenditure of time. Further, Defendant contended at the hearing that the breakdown of hours claimed in counsel's affidavits from many cases in the same year were extremely similar to each other, raising questions as to their accuracy.

4. Attorney's fees in the amount of $6,130.93 are awarded to Plaintiff under 28 U.S.C. § 2412(d).

5. The attorney's fees shall be payable directly to Plaintiff's counsel if it is determined that Plaintiff does not owe a debt to the federal government.

**DONE** and **ORDERED** in Tampa, Florida on October 6, 2023.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties